**\*AMENDED ALD-192**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1781
_____

IN RE: AKEEM R. GUMBS,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-11-cr-00021-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 13, 2017

Before: MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Akeem R. Gumbs petitions for a writ of mandamus directing the District Court of

the Virgin Islands to send him "proof of [his] arraignment of March 21, 2011." We will

deny the petition.

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Gumbs wrote a letter that was docketed in the District Court on March 14, 2017, in which he requested "a copy of any document regarding my appearance before Magistrate Judge Ruth Miller on March 21, 2011." Gumbs then wrote another letter to the District Court, docketed on March 20, 2017, in which he requested "a docket sheet which contains all information, all filings, and all of my court appearances for my case during the months of March 2011 and April 2011."[1] Gumbs then submitted the mandamus petition under consideration here on March 31, 2017, and submitted an amendment to the petition on April 17, 2017, asserting that proof of his arraignment of March 21, 2011, is "very important" to his case, and that "[a]ll other remedies have failed" for obtaining such proof. In support of his petition, Gumbs attached the two letters that he had sent the District Court earlier in March.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an appropriate remedy only in the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the

_____

[1] Both letters were filed under the Virgin Islands docket number associated with Gumbs' conviction, sentence, and post-conviction proceedings for charges related to the production and possession of child pornography and first degree aggravated rape.

2

writ. <u>Haines v. Liggett Grp., Inc.</u>, 975 F.2d 81, 89 (3d Cir. 1992) (citing <u>Kerr v. U.S. Dist. Ct.</u>, 426 U.S. 394, 403 (1976)).

Here, Gumbs has shown neither that he has no other adequate means of obtaining a record of proceedings on March 21, 2011, nor that he has a clear and indisputable right to the issuance of a writ ordering the District Court to send him any record of those proceedings. Even if Gumbs still arguably has a right to obtain documents from the District Court after the conclusion of post-conviction proceedings, <u>cf.</u> 28 U.S.C. §§ 753(f) and § 2250, Gumbs did not give the District Court sufficient time to respond to his letter requests before filing a mandamus petition in this Court. Gumbs has also not explained why he needs those documents, or what efforts he has made other than writing the District Court. For example, Gumbs could have contacted the attorney that represented him during his trial for information about proceedings that occurred on March 21, 2011.

Further, we observe that the District Court docket pertaining to Gumbs' conviction begins on June 2, 2011, with the filing of Gumbs' indictment. But it appears that proceedings prior to that date occurred in a case docketed separately at D.V.I. Crim. No. 3:11-mj-00031. In that case, Docket Entry No. 6, on March 21, 2011, includes, among other things, the following information: "Minute Entry for proceedings held before Magistrate Judge Ruth Miller: Initial Appearance as to AKEEM R. GUMBS held on 3/21/2011[.]" Proof of Gumbs' "arraignment of March 21, 2011"—actually, an initial appearance—therefore appears on the docket sheet for D.V.I. Crim. No. 3:11-mj-00031.

3

Under these circumstances, we will deny the petition for a writ of mandamus.